UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 11-cr-105-pp

ANTHONY D. AUSTIN, SR.,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 45)**

On September 5, 2012, Judge Randa sentenced the defendant to sixty months' imprisonment on Count One of his indictment, charging him with being a felon in possession of a firearm. Dkt. No. 40. He entered judgment the next day. Dkt. No. 41. The sentence included a term of three years of supervised release. <u>Id.</u>

The defendant started his supervised release term on January 12, 2017, which means that it is scheduled to expire on January 11, 2020. Dkt. No. 48 at 1. The defendant has served approximately twenty-one months of his thirty-six-month supervised release term. On September 7, 2018, the court received a letter from the defendant, asking the court to terminate his supervised release early. Dkt. No. 45. The letter indicated that the defendant lives with his girlfriend in Greenfield, Wisconsin and that he has maintained employment as

a cab driver with American United Transportation Group since a week after his supervised release began. Id. at 1.

The defendant also told the court of his creative business ventures. He wrote that he has used the income from his job to restart his magazine business—"Da Plug Magazine"—and that he currently is working on the first print. Id. He wrote that he owns another business, "Powerball Team Entertainment, LLC," which "provides a low cost, positive avenue for local artists to showcase their music in the form of public shows." Id. He indicated that he started "PBT Publishing, LLC" in order "to provide an avenue for artist[s]to publish their music." Id. Finally, he says that his most recent project is "PBT Transportation Group, LLC," which he created "in response to the offer by Amazon to become a franchise partner to deliver their packages." Id. at 1-2. He told the court that the selection process is long and competitive and that he may have to spend the last phase of the process in Seattle, Washington for training. Id. at 2. He noted that, with these growing businesses, he may have opportunities to travel out of the state and that he would like to obtain early release to freely grow his businesses and accept the opportunities that arise. Id.

In support of his request, the defendant noted that he had: (a) never missed an appointment with his supervising officer; (b) never failed a drug screen; (c) completed a mental health assessment; (d) obtained gainful employment; (e) kept in contact with his supervising officer; (f) obtained

2

suitable housing; (g) had no negative contact with law enforcement; (h) had all positive home visits; and (i) had submitted all paperwork as required. Id.

After the court entered an order requesting the position of the government and the probation office, dkt. No. 46, the government filed an objection to the defendant's request, dkt. no. 47. The objection reminded the court that courts grant early termination of supervised release only under exceptional circumstances. It also noted that the defendant bears the burden of showing that he has done exceptionally well, or that remaining on supervised release poses an undue hardship. Id. at 1. The government wrote that the defendant's letter shows that he is following the rules of his supervised release, but observed that following the rules "is not a sufficient basis to support early termination of supervised release." Id. The government further contended that while the defendant's businesses may create opportunities for out of state travel in the future, he had not yet shown any concrete travel plans that had been frustrated by his supervision. Id. Finally, it reminded the court that the defendant's conviction occurred while he was on supervised release for a felony drug dealing conviction and that the instant offense occurred after the defendant brandished a loaded firearm in a crowded restaurant. Id.

The probation department confirmed the defendant's compliance with his conditions of supervised release, writing that the defendant has only "incurred minor violations for failing to attend four random drug screens, leaving the judicial district without consent, and missing one scheduled mental health appointment." Dkt. No. 48 at at 2. Otherwise, the defendant has made himself

available for home and office visits, has not submitted any dirty urine screens, has paid his $100.00 special assessment, has been successfully discharged from mental health treatment, and has consistently worked for more than a year and a half. Id.

The court is pleased to hear that the defendant has met, and continues to meet, the conditions of his supervised release. The court also is pleased to hear that the defendant has remained employed during his term of supervised release and that his business ventures are going well—he clearly is creative, motivated and hard-working. These are good things. They are, as the defendant said in his letter, "proof that [he is] determined to be and remain a productive citizen of [his] community." Dkt. No. 45 at 2.

As well as the defendant is doing, however, at this point, the court cannot conclude that he has demonstrated the "extraordinary circumstances" justifying termination of his supervised release over a year before it is set to expire. The court expects every defendant on supervised release to follow the court's orders. It may be that, in the coming fifteen months, the travel opportunities the defendant hopes for will become more concrete. If that happens, he can renew his motion—particularly if he can demonstrate that being on supervised release is preventing him from taking advantage of concrete opportunities. In the meantime, the court strongly encourages the

defendant to keep up the good work.

The court **DENIES WITHOUT PREJUDICE** the defendant's letter motion for early termination of supervised release. Dkt. No. 45.

Dated in Milwaukee, Wisconsin this 18th day of October, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**